PETER McQUADE v. WILLIAM A. FURGASON, CHARLES
H. RIOPELLE, JOHN SEAVITT, JR., AND ARI E.
WOODRUFF, BOARD OF INSPECTORS OF ELECTION
FOR DISTRICT NO. ONE OF THE TOWNSHIP
OF ECORSE, AND OLIVER SANSOUCI,
JR., v. THE SAME.

[Two cases.]

*Elections—Canvassing boards.*

Canvassing boards are bound by the returns, and cannot go behind
them, especially for the purpose of determining questions of
fraud in the election; citing *Coll v. Board,* 83 Mich. 367;
*Roemer v. Board,* 90 Id. 27.

*Mandamus.* Argued April 19, 1892. Granted April 20,
and opinion filed April 22, 1892.

Relators applied for *mandamus* to compel respondents
to canvass certain election returns. The facts are stated
in the opinion.

*George H. Prentis,* for relators.

*Corliss, Andrus & Leete,* for respondents.

PER CURIAM. The township of Ecorse was divided
into two election districts, each having a board of inspect-
ors of election. At the election held April 4 the
respondents were the inspectors in district No. 1, and,
under the law, were the official canvassers of the town-
ship. The respondents, except Charles H. Riopelle,
refused to canvass the return from precinct No. 2, but
rejected it as void for alleged violations of the election
law. The petitioners claim that a consolidation of the
returns of the two precincts would show that they were

elected, and pray for the writ of *mandamus* to compel this action on the part of the respondents.

The alleged violations are that Hyacinth Riopelle, as chairman of the inspectors of precinct No. 2, permitted outsiders to go into the booths with voters, and help them make up their ballots; that such electors were never sworn or examined in any manner by either of said inspectors to ascertain whether such voters could read their ballots, or were incapacitated from performing their duty; that Inspectors Montie and Haltiner repeatedly protested against such conduct, but were overruled by the chairman; that said Riopelle permitted upwards of 10 different outsiders to accompany a large number of voters into the booths to help them in making their ballots; that upwards of 50 voters were thus assisted without any examination as required by the statute; that these outsiders went into the booth with the voters, and remained there until the ballots were cast; that one party, Henry Visger, was a constant attendant upon such voters, and went into the booth without any question, oath, or interference by said Riopelle, fixed the ballots, and saw that they were cast as prepared by him. These statements are supported by Francis J. Montie, one of the inspectors and the township treasurer, by Oscar D. Chapman, who was the clerk of election in the second precinct, and by John Haltiner, a justice of the peace and also one of the inspectors.

Haltiner and Riopelle alone signed the return. Shortly after the return was made, Montie proceeded to the first precinct, and filed a protest against the recognition of the report of the inspectors of district No. 2, for the following reasons:

"1. That the election in said district No. 2 was unlawfully conducted.

"2. That a majority of the inspectors had no control over said election in said district.

"3. That outsiders were permitted to manipulate the voters in the booths.

"4. That the organization was effected at an early hour, before all the inspectors were present for such organization.

"5. That ballots were marked for electors by others than inspectors of election, in violation of law."

This protest was sustained by Furgason, Seavitt, Jr., and Woodruff.

Section 32 of Act No. 190, Laws of 1891, provides:

"When any elector shall make oath that he cannot read English, or that, because of physical disability, he cannot mark his ballot, or when such disability shall be made manifest to said inspectors, his ballot shall be marked for him, in the presence of at least two of the inspectors, by an inspector designated by the board for that purpose, who is not a candidate on said ticket."

If the statements made in the answers of the respondents and the affidavits accompanying them are true, the election law of this State was most grossly violated. But the return by a majority of the board was made, and it is the settled law of this State that canvassing boards are bound by the return, and cannot go behind it, especially for the purpose of determining frauds in the election. Their duties are purely ministerial and clerical. They must be governed by the return. *Coll v. Board,* 83 Mich. 367; *Roemer v. Board,* 90 Id. 27.

These affidavits are *ex parte,* and cannot be considered upon this hearing. Such grave charges must be investigated in the due course of the proper legal proceedings. The law furnishes ample remedy, both civil and criminal, for the correction and punishment of election frauds.

The writs must issue as prayed.